EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| A.A.R.<br><br>     Peticionaria<br><br><br>Ex Parte | Certiorari<br><br>2013 TSPR 60<br><br>188 DPR ____ |
| --- | --- |

Número del Caso: CC-2008-1010


Fecha: 2 de mayo de 2013


Tribunal de Apelaciones:

       Región Judicial de San Juan, Panel III

Abogados de la Parte Peticionaria:

       Lcda. Nora Vargas Acosta
       Lcda. Josefina A. González González
       Lcda. María L. Jiménez Colón

Oficina de la Procuradora General:

       Lcda. Irene Soroeta Kodesh
       Procuradora General

       Lcda. Margarita Mercado Echegaray
       Procuradora General

       Lcda. Leticia Casalduc Rabell
       Subprocuradora General

       Lcda. Isabel Sánchez del Campo
       Procuradora General Auxiliar

Amicus Curiae:

       Colegio de Abogados de Puerto Rico
       Lcdo. Arturo L. Hernández González

       Profesor Carlos A. Del Valle Cruz

       Columbia University Sexuality and Gender Law Clinic
       Lcda. Judith Berkan
       Lcda. Suzanne Goldberg

       National Center for Lesbian Rights
       American Civil Liberties Union
       Lcdo. William Ramírez Hernández
       Lcdo. Josué González Ortiz

Academia Americana de Pediatría Capítulo de Puerto Rico/ Escuela de Medicina de Puerto Rico, Depto. de Pediatría
Lcda. Alicia E. Lavergne Ramírez

Asociación de Psicología de Puerto Rico
Lcdo. Osvaldo Burgos Pérez

Coalición Ciudadana en Defensa de la Familia
Lcdo. Juan Gaud Pacheco

Alianza de Juristas Cristianos
Lcdo. Edwardo García Rexach
Lcda. Ivette M. Montes Lebrón

Materia:   Resolución del Tribunal con Voto Particular de Conformidad y Voto Particular Disidente

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*Ex Parte:*

|  |  |
|---|---|
| A.A.R. | *Certiorari* |
| Peticionaria | CC-2008-1010 |

*RESOLUCIÓN*

En San Juan, Puerto Rico, a 2 de mayo de 2013.

A la Segunda moción de reconsideración presentada por la parte peticionaria A.A.R., no ha lugar. Aténgase a lo resuelto por este Tribunal.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Kolthoff Caraballo emitió un Voto particular de conformidad al cual se une el Juez Asociado señor Rivera García. La Jueza Asociada señora Fiol Matta emitió un Voto particular disidente al cual se unen el Juez Presidente señor Hernández Denton y la Juez Asociada señora Rodríguez Rodríguez. El Juez Asociado señor Estrella Martínez reconsideraría.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

A.A.R.

Peticionaria                CC-2008-1010        Certiorari

Ex Parte

Voto Particular de Conformidad emitido por el Juez Asociado señor Kolthoff Caraballo al cual se une el Juez Asociado señor Rivera García

San Juan, Puerto Rico, a 2 de mayo de 2013.

En su "Segunda moción de reconsideración..." la parte peticionaria, haciendo referencia indirecta a un estudio científico[1] reseñado por este servidor en mi Opinión de Conformidad, señala lo siguiente: "Los estudios ahora considerados **por este Honorable Tribunal** y no contenidos en el récord del caso impiden que la peticionaria pueda

---

[1] El estudio que se cita en la Opinión de Conformidad es el que fuera conducido por el Dr. Mark Regnerus del *Department of Sociology and Population Research Center* de la Universidad de Texas. Social Science Research, Vol. 41, Issue 4, (July 2012) 752-770, en http://www.sciencedirect.com/sience/article/pii/S0049089X12000610 (última visita el 25 de abril de 2013).

refutarlos". (Énfasis suplido).[2] Con esta alegación, la peticionaria acompaña diversos planteamientos de derecho probatorio.

En primer lugar, en la Opinión de Conformidad que suscribí hice muy claro que el estudio reseñado, no fue, ni constituye parte de la prueba que esta Curia utilizó en el análisis y la determinación final de este caso.[3] Así se desprende claramente de una lectura de la Opinión del Tribunal, en la cual en ningún lugar se hace referencia a prueba extrínseca; prueba que no surgiera del expediente.

Por otro lado, el propósito de este servidor al hacer referencia en mi Opinión de Conformidad al mencionado estudio -y su pertinencia- fue explicado con meridiana claridad en la propia Opinión. Y, por cierto, no albergo dudas de que ese propósito se está cumpliendo.

En segundo lugar, es evidente que la parte peticionaria desconoce la diferencia entre una "Opinión del Tribunal" y las distintas opiniones o votos particulares que emiten los miembros de la Curia. Cinco de los nueve jueces de este Tribunal estuvimos conformes con los fundamentos y la disposición de este caso, expresada en la Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco. De esos cinco, tres jueces emitimos opiniones de conformidad que no forman parte del análisis y la Opinión del

---

[2] Segunda moción de reconsideración de la peticionaria, págs. 4-5.

[3] Véase Opinión de Conformidad, págs. 20-21.

<u>Tribunal</u>, sino que constituyen fundamentos adicionales y muy particulares de cada juez, con relación a la resolución final de la controversia. Aclarado lo anterior, estoy conforme con proveer no ha lugar a la segunda moción de reconsideración.


                              Erick V. Kolthoff Caraballo
                                   Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*Ex Parte:*

                                        *Certiorari*

     A.A.R.
Peticionaria                    CC-2008-1010


Voto particular disidente emitido por la Jueza Asociada SEÑORA FIOL MATTA al cual se unen el Juez Presidente SEÑOR HERNÁNDEZ DENTON y la Juez Asociada SEÑORA RODRÍGUEZ RODRÍGUEZ


En San Juan, Puerto Rico, a 2 de mayo de 2013.

La Resolución a la cual acompaña este Voto Disidente representa un último golpe al mejor bienestar de la menor J.M.A.V. y al deseo de una de sus madres, la peticionaria A.A.R., de proveerle los derechos y las protecciones legales que garantizan su seguridad y que gozan otros niños y niñas.

Todos los jueces y las juezas de este Tribunal coinciden en que el criterio rector en casos de adopción como el presente es el mejor bienestar del menor. Toda la prueba contenida en el expediente del caso apunta a que el mejor bienestar de la menor J.M.A.V. se logra otorgando la adopción solicitada

por A.A.R. sin que la madre biológica C.V.V. pierda los vínculos jurídicos con su hija. Esto fue comprobado por las diversas profesionales de la salud que presentaron informes bien fundamentados favorables a la petición. Esto no ha sido refutado por el Estado en etapa alguna del caso, pues su resistencia a la adopción se basa en su interpretación de una disposición legal y no en el bien que le hará esa determinación jurídica a la niña.[4]

Diversas opciones, todas legítimas y razonables, estaban disponibles para que los miembros de esta curia defendieran el mejor bienestar de la menor, acogiendo la figura del *second parent adoption*, reconocida en un sinnúmero de jurisdicciones. Estas iban desde una interpretación del artículo 138 del Código Civil[5] que estuviera guiada por el criterio rector del bienestar del menor hasta declarar la inconstitucionalidad de ese artículo por contener una clasificación discriminatoria.

Sin embargo, una mayoría de los componentes de este Tribunal desvió su camino en dirección contraria. En ese trayecto, algunos jueces recogieron fundamentos ajenos a la prueba admitida para guiar su decisión. De esa forma, como

---

[4] El Estado, incluso, cambió esta postura y actualmente plantea que el artículo 138 es inconstitucional, según nos informó mediante la "Moción informativa en respuesta a Moción de reconsideración y Solicitud de autorización y término para presentar postura del Estado en relación a la Moción de reconsideración de la parte peticionaria", presentada por la Oficina de la Procuradora General el 18 de marzo de 2013.

[5] 31 L.P.R.A. sec. 539.

indica la peticionaria en la moción de reconsideración que hoy atendemos, incluyeron entre los elementos para su determinación estudios científicos exógenos al caso que supuestamente señalaban que la adopción solicitada no era beneficiosa para la menor.[6] Al así hacerlo, menoscabaron los derechos de la peticionaria, pues no le brindaron oportunidad para objetar o refutar esos factores de juicio que desconocía que serían utilizados en su contra. No sólo eso sino que, al aplicar esos estudios al presente caso, algunos jueces, muy lamentablemente, llegaron a degradar la relación que tienen A.A.R. y C.V.V. argumentando que no es natural y pusieron en duda la dignidad humana que posee la niña J.M.A.V. por el simple hecho de que tiene dos madres. Otros jueces ignoraron las vías que tenían disponibles para acceder a la petición de A.A.R. y, escudándose en interpretaciones restrictivas del significado de la palabra "sexo" en nuestra Constitución, dejaron el asunto a otra rama de gobierno.

Habiéndose agotado las oportunidades para que A.A.R. encuentre justicia en este Tribunal –último foro judicial al cual pueden recurrir en Puerto Rico-, corresponde a la Rama Legislativa del País proveer la herramienta para que a A.A.R. y a otras personas con sus mismas circunstancias se

---

[6] Segunda Moción de Reconsideración de la Peticionaria, págs. 3-7.

les libre del trato discriminatorio que las oprime.[7] Tras la denegatoria de la Segunda Moción de Reconsideración presentada por A.A.R., queda en manos de la Legislatura permitir que se reconozca legalmente que las dos mujeres que vieron nacer, han ayudado a crecer y han logrado que hoy J.M.A.V. pueda decir "me siento feliz, me siento amada"[8] son, ambas, sus madres. Mientras tanto, no nos cabe duda, las tres son ejemplo de una familia digna.

Liana Fiol Matta
Jueza Asociada

---

[7] Esta era la única posibilidad concebida en la Opinión del Tribunal emitida por la Jueza asociada Pabón Charneco y en la Opinión de Conformidad del Juez asociado Martínez Torres.

[8] Segunda Moción de Reconsideración de la Peticionaria, pág. 1.